**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25–CV–23812–EGT

DANJRIAL BECK,

       *Plaintiff.*

v.

CONNEXION POINT/INTEGRITY
MARKETING PARTNERS,

       *Defendant.*

_____/

## *<u>ORDER ON MOTION TO DISMISS</u>*

This pending motion ("the Motion") asks this Court to dismiss the Complaint ("Complaint") for failure to state claims for relief under Rule 12(b)(6). [D.E. 9]. The Plaintiff ("Plaintiff" or "Beck") has responded to the Motion [D.E. 10], to which Defendants have replied, [D.E. 14]. The parties having consented to the assignment of the case to the undersigned Magistrate Judge, the Court concludes that the operative Complaint indeed fails to state a claim upon which relief may be made. The Complaint must thus be Dismissed with leave to amend.

1

## I.    BACKGROUND

This case appears to originate from an alleged series of incidents between Plaintiff and fellow employees of her employer, Connexion Point / Integrity Marketing Partners ("Connexion" or "Defendant"). The Complaint is broken into three sections, each apparently intending to state a different claim for relief. We will review the complaint section-by-section.

The first incident of Section I alleges that a manager of Connexion, Jessica Rogers, reprimanded Plaintiff for asking a question. [D.E. 1 at 3]. Plaintiff, an employee in a call center, is a resident of Florida and resides in the city of Miami. [*Id.*]. Apparently, Plaintiff raised questions to another employee, Maria Cecilliano, who this Court understands to be a supervisor for Connexion, about access to her computer and Salesforce software, a system the company may use for payroll services. [D.E. 1 at 1–2]. Ms. Cecilliano allegedly said that she would not continue a conversation with Plaintiff on the matter without Ms. Cecilliano's supervisor or other human resources personnel present. [*Id.* at 3–4].

Second, Plaintiff alleges that she was not allowed to take time off for a funeral that she requested, which request was made 111 hours before the funeral commenced. [*Id.*]. In attempt to construe the Complaint favorably to the Plaintiff, the Court believes that the Plaintiff alleges that her supervisor's or manager's refusal to grant her time off violated Connexion's employee handbook and prior practices, even though similar incidents have arisen involving other Connexion employees who were treated differently. [*Id.*]. In support, Plaintiff points to a story about Connexion

2

allowing time off to a co-worker whose daughter allegedly passed away and provided her certain other undisclosed benefits. [*Id.*].

Plaintiff next claims that she was ordered to continue working without pay after she clocked out. [*Id.*]. Plaintiff claims that Ronda Medina, from H.R. personnel, told her that she was not entitled to overtime pay and any added time that she worked beyond forty hours a week would be "deducted" and reverted to regular forty hours pay. [*Id.*]. Plaintiff also alleges that Ronda Medina accused Plaintiff of stealing from Connexion by working overtime, presumably by working so many hours that Connexion was forced to pay Plaintiff for overtime pay. [*Id.*]. Plaintiff alleges that, when she brought up that Ronda Medina's assertions were in friction with the employee handbook, Ronda Medina told her that she and Jessica Rogers "could do whatever [they] want [because Plaintiff is] just an agent." [*Id.*]. Plaintiff alleges that she ultimately lost seventy-one hours of work from her pay. [*Id.* at 5].

Plaintiff next alleges that she was subject to racial epithets by her manager, Ms. Rogers (specifically "Just sign it Black people") when she asked for (and was refused) time to review a notice form regarding Medicare recipients before appending her signature to the notice. [*Id.* at 4].

Plaintiff next alleges that she was given an unexcused absence because she had jury duty, even though she provided evidence of her summons to Connexion. [*Id.*].

The Complaint includes other allegations relating to Ms. Rogers. At some other point, during an evaluation run by other members of Connexion, Rogers apparently verbally abused Plaintiff in an intimidating voice, screaming, and cancelling the

meeting.[1] [*Id.*]. And Plaintiff also raises grievances about having to wait an hour to speak to Ronda Medina about filing an H.R. report against Jessica Rogers, which Ronda Medina allegedly did not allow Plaintiff to complete. [*Id.*].

Plaintiff further alleges that at a different point in time she was reprimanded by Jessica Rogers for refusing to write to a business in North Carolina, a state in which Plaintiff is apparently not licensed or appointed to write to:

> Jessica Rogers Regional Mgr threatened me for not writing business in the State of North Carolina this state is not in our service area. I am not licensed and appointed to write business in this stated [sic]. And DFS Department of Financial Services rules also I could be fined as an agent or even lose my license.

[*Id.* (as pled in the Complaint)]. She also alleges that she was reprimanded for writing companies without proper proof of a license issued by the licensing department.[*Id.*]. The Court believes the Complaint alleges that Plaintiff contacted a company in Kansas, a state which she admits she was not licensed. [*Id.*]. Plaintiff alleges that pay was also withheld from her due to a problem associated with the Salesforce software. [*Id.* at 5].

Section I of the Complaint ends with what the Court believes to be the statutory violation under which Plaintiff seeks relief for the alleged harms in this section: "Section 504 of the Rehabilitation Act of 1973, American Disabilities Act

---

[1] "I was inside of a Teams Meeting in which this is normal for agents to review with your supervisor and Jessica Rogers Regional Mgr burst in and screaming out my name Danjiral Beck this meeting is over Daniral Beck be quiet intimidating voice I will decide how you will be punished she was very intimidating because she wasn't even in the meeting she just bursted in and she stopped the evaluation." [D.E. 1 at 4 (as pled in the Complaint)].

(ADA) 1990[.]" Note, however, that Plaintiff also adds that she was told not to speak during meetings because of her age. [*Id.*]

Section II of the Complaint begins with an allegation that Connexion stripped certain accommodations from Plaintiff after an undisclosed period of time. [*Id.* at 5]. Plaintiff experiences pain in her hands related to her workplace duties that resulted in hospitalization. [*Id.*]. Plaintiff appears to allege that she was told that she could either accept the forfeiture of her accommodation, adhere to the same quotas as those implied on her colleagues, or lose her job. [*Id.*]. Plaintiff alleges that Connexion's threats caused her to fear for her job security and created a hostile environment. [*Id.*]. She claims that there was a "[f]ailure to accommodate discriminatory remarks about [her] age." [*Id.*]. Under these pled facts, Plaintiff alleges that Connexion discriminated against her, a disabled person, under Section 504 of the Rehabilitation Act of 1973. [*Id.*].

Section III of the Complaint reads as a whistleblower claim in which Plaintiff accuses Connexion of requiring employees to engage in behaviors that put Medicare recipients' information at risk. [*Id.* at 6]. Not much else is revealed in the Complaint, however, with respect to how Plaintiff ever engaged in any whistleblowing per se.

Connexion moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [D.E. 9 at 1]. Connexion alternatively asks the Court to require Plaintiff to plead for a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e). [*Id.*]. Connexion argues that Plaintiff has engaged in "a textbook example of a 'shotgun' pleading riddled with unsupported legal

conclusions and lacking the clarity required under Federal Rules of Civil Procedure 8(a)(2) and 10(b)," and argues dismissal is "necessary." [*Id.*].

## II.    ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017) ("We must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff . . . but the allegations must nevertheless state a claim for relief that is plausible—and not merely possible—on its face[.]" (citations omitted)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required

6

> to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2, (2012).

The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

On resolving a motion to dismiss for failure to state a claim, this Court may consider documents not cited or produced in the complaint in limited circumstances under the incorporation-by-reference doctrine. In *Johnson v. City of Atlanta,* 107 F.4th 1292, 1300 (11th Cir. 2024), the Eleventh Circuit clarified that courts "may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is 1) central to the plaintiff's claims; and 2) undisputed, meaning that its authenticity is not challenged." *Johnson* removed any doubt that documents must be referred to in the complaint.

Plaintiff is proceeding in this case *pro se*. Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes*

*v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *Newton v. Richards*, No. 805CV514T26MSS, 2005 WL 3133453 (M.D. Fla. Nov. 23, 2005) ("[A] *pro se* litigant must still meet minimal pleading standard."). Under Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Although the Complaint is hard to follow given that it fails to properly label the claims, Connexion argues that Plaintiff "may be" asserting claims for 1) race discrimination, 2) age discrimination, 3) violation of the Rehabilitation Act, 4) violation of the Americans with Disabilities Act, 5) hostile work environment, 6) violation of the Whistleblower Act, 7) violation of the False Claims Act. [D.E. 9 at 2]. Connexion argues that "none of these claims are properly pled." [*Id.*]. This is due, in part, because Connexion deems the Complaint to be a shotgun pleading.

The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of

> action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see also Peraza v. Recovery Associates, LLC*, Case No. 19-20052-CIV-MORENO, 2019 WL 13234107, at *2 (S.D. Fla. May 13, 2019) ("The unifying characteristic of all types of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.") (citing *Weiland,* 792 F.3d at 1323); *Beckwith v. Bellsouth Telecommunications, Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading.").

The Complaint falls somewhere between the second and third types of defective pleadings identified in *Weiland*. It fails to incorporate prior paragraphs, connect any cause of action to any specific pled facts, and likely includes superfluous information (at least to a material degree). The Court is thus unable to determine which facts connect to which claims. Certain paragraphs point to allegations that sound in the vein of age discrimination, race discrimination, and disability discrimination, but the Complaint requires the Court to engage in too much advocacy on the *pro se* plaintiff's behalf to ascertain precisely what the Complaint seeks to allege and specifically how the allegations satisfy the elements of each claim. For instance, to even state that Plaintiff alleges a specific claim, let alone many, requires a generous reading that

9

would require the Court to ignore the requirement that Plaintiff plead with some factual and plausible specificity under *Iqbal* and *Twombly*. The Court cannot do so under Rule 8. *See, e.g., Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (affirming dismissal of *pro se* complaint raising multiple claims against multiple defendants; "the second amended complaint undoubtedly falls into the second category of shotgun pleadings. It is rife with immaterial factual allegations, including five pages and 24 paragraphs of irrelevant details.").

A well pled complaint can incorporate specific factual paragraphs that relate to each pled claim, but only if it also pleads specific facts to allow the Court to determine what specific claim elements Plaintiff believes Connexion violated. Just as incorporating every prior paragraph and count for every claim constitutes a shotgun pleading in the Eleventh Circuit, *Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1355 n.9 (11th Cir. 2002), failing to incorporate any preceding paragraphs in any claims, without including separate specific claims per claim, results in the same substantive effect. Finally, a plaintiff must state its claims in numbered paragraphs. Fed. R. Civ. P. 10(b). The Complaint lacks any such numeration.

We therefore find that Plaintiff engaged in an impermissible shotgun pleading that has failed to provide the Defendant with proper notice of the allegations against which it must defend. We could also address various substantive problems that this Complaint has, but it makes little sense to do so now given how difficult it is to determine what the Plaintiff is actually alleging. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) ("The amended complaint is an

10

incomprehensible shotgun pleading. It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief. . . . [T]he final resolution of [these] claims would have been time-consuming and even more of an undue tax on the Court's resources. Tolerating such behavior constitutes toleration of obstruction of justice. This is why we have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

Plaintiff can keep those legal arguments/issues in mind if an amended complaint is pursued. Further, any amended complaint must comply with the requirements of this Order as well as the Court's September 2, 2025 Order of Instructions to Pro Se Litigants [D.E. 5].

11

## *III.   CONCLUSION*

For these reasons, the Court **ORDERS** that the motion to dismiss be **GRANTED**. Plaintiff failed to assert any claims for relief and the Complaint is hereby **DISMISSED** without prejudice. All other motions are **DENIED** as moot. Any amended complaint must be filed by July 23, 2026.

**DONE and ORDERED** in Chambers at Miami, Florida this 2nd day of July, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge